**TURCHAN**

v.

**CINCINNATI MILLING MACHINE CO.**

No. 11679.

United States Court of Appeals Sixth Circuit.

Nov. 24, 1953.

Robert A. Sloman, Detroit, Mich., (Thomas S. Donnelly, Detroit, Mich., on the brief), for appellant.

David A. Woodcock, New York City, (John C. Blair, New York City, on the brief; Watson, Johnson, Leavenworth & Blair, New York City, Spencer Kuhn, Gatch, Kleinman, Roberts & Kuhn, Cincinnati, Ohio, of counsel; Harness, Dickey & Pierce, Detroit, Mich., on the docket), for appellee.

Before SIMONS, Chief Judge and ALLEN and McALLISTER, Circuit Judges.

SIMONS, Chief Judge.

This is a companion case to Cincinnati Milling Machine Company v. Turchan, 6 Cir., 208 F.2d 222. It is here on a separate appeal supported by separate briefs and was separately argued. The appellant seeks to reverse an order denying appellant attorney fees incurred in the preparation of defenses to patents and claims withdrawn by the appellee from its patent infringement suit, both before and during trial.

By its complaint in No. 11,716, filed September 12, 1946, the appellee charged infringement of seven patents, namely, Anderson, three patents to Wall, and one each to Sassen, Roehm and Romaini and Richards. In February, 1947, the appellee withdrew the Sassen patent from suit and on the same date filed a bill of particulars, in response to the appellant's motion, specifying seventy nine claims among the remaining six patents. The appellant in its answer and amended answer set forth sixty two patents of the prior art in support of its contention that all of the claims in suit were invalid, and, on November 25, 1947, filed a counterclaim seeking a declaratory judgment of invalidity and non-infringement as to all of the patents then in suit. On January 29, 1948, three and one half months before trial, the appellee eliminated one of the Wall patents and its twelve claims from the controversy. On June 12, 1948, the appellee withdrew the Richards and the Roehm patents, except for claim 16 of the latter. The appellant, however, did not during all this time withdraw any part of his counterclaim for declaratory judgment of invalidity in respect to all patents.

The court in its judgment, at the conclusion of the trial, recited that it had not found evidence of lack of good faith on the part of the appellee and denied the defendant's motion for attorney fees. In an appendix to its opinion which contained findings of fact and conclusions of law it denied the appellant's petition for declaratory judgment and again denied its motion for attorney fees. In respect to the latter, it said: "This action required much time for preparation and trial, but I cannot say that there have been any burdensome procedures inspired by lack of good faith. On the contrary, I take the view that throughout the proceedings there was no semblance of inequitable conduct."

The petition for attorney fees is based on Title 35, U.S.C.A. § 70, [1952 Revision, 35 U.S.C.A. § 285], which recites: " * * * The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case. * * *" It has been held that under this section such fees are not to be allowed as a matter of course for Congress did not intend recovery of attorney fees to become the usual thing in patent cases, that the section commits the matter to the discretion of the District Court, that the criterion for its exercise is bad faith of the unsuccessful party and the reviewing court will not interfere unless there has been an abuse of discretion amounting to caprice or an erroneous conception of law. Dubil v. Rayford Camp

& Company, 9 Cir., 184 F.2d 899; Photo-chart v. Photo Patrol, Inc., 9 Cir., 189 F.2d 625, 628; Park-in Theaters, Inc. v. Perkins, 9 Cir., 190 F.2d 137, 142.

 We recognize, of course, that the discretion conferred upon the District Court is a judicial discretion. Even so, we fail to perceive its abuse. The court through pretrial conferences and through a long formal trial, resulting in over five thousand pages of transcript with two hundred and fifty exhibits, had opportunity far superior to ours in determining whether the appellee had multiplied its claim in suit, either for purposes of harassment of the defendant or to confuse the issues. He gave meticulous and careful scrutiny to what had been done in that regard. For us now to determine that the claims withdrawn had no probable relevance to the charges of infringement would require of us a searching analysis of them in the light of prior art, much of which is not here on either record. It must have been apparent also that much of the work claimed to have been done by the defendant was necessarily in support of its counterclaim with its numerous references to the prior art.

A similar situation is perceived in American Chain & Cable Company v. Rochester Ropes, 4 Cir., 199 F.2d 325, 330, where it was said: "The difficulties and uncertainties presented by this case justified its submission to the courts for final decision." The appellant relies principally on our decision in Even-Cut Abrasive B. & E. Corporation v. Cleveland Container Company, 6 Cir., 171 F.2d 873. The case is clearly distinguishable upon its facts. There, the attorney fees awarded were based solely upon the plaintiff's second cause of action for alleged fraud and unconscionable conduct and there was no diversity of citizenship. Concededly, there had been no case against the parties claiming to be reimbursed. The case was decided not upon the section here involved but upon general equity principles.

The appeal is dismissed.